UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

KENDRA MCBRIDE,

    Plaintiff,

v.

EXETER FINANCE LLC; and
EQUIFAX INFORMATION SERVICES, LLC

    Defendants.

Case No.: 2:25-cv-685

**Complaint for Damages:**
    **Violation of Fair Credit Reporting Act**

Plaintiff, Kendra McBride, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Montgomery, Alabama.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Exeter Finance LLC ("Exeter") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Alabama.

5. At all times pertinent hereto, Defendant Exeter is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Alabama.

7. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Alabama.

8. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

11. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Montgomery County, Alabama and Defendants do business in Alabama.

13. Personal jurisdiction exists over Defendants as Plaintiff resides in Alabama, Defendants have the necessary minimum contacts with the state of Alabama, and this suit arises out of specific conduct with Plaintiff in Alabama.

### IV.     FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Exeter and Equifax (collectively, "Defendants") and has suffered particularized and concrete harm.

15. Equifax is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

18. Plaintiff discovered the Exeter account last four 1898 on their Equifax consumer report in error (the "Account").

19. The Account was discharged in a Chapter 7 bankruptcy by the Plaintiff.

20. Plaintiff resolved their liability on the Account, and the Account balance is $0.

21. In spite of the Account being discharged in Chapter 7 bankruptcy, Defendant Exeter continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Equifax.

22. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates their credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

23. On or about March 7, 2025, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

24. Upon information and belief Equifax forwarded Plaintiff's Equifax Dispute to Defendant Exeter.

25. Upon information and belief, Exeter received notification of Plaintiff's Letters from Equifax.

26. Upon information and belief, Exeter verified the erroneous information associated with the Account to Equifax.

27. Exeter failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed

information and the accuracy of the Account.

28. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

29. Upon information and belief, Exeter failed to instruct Equifax to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

30. Equifax employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Equifax Dispute.

31. At no point after receiving the Equifax Dispute did Exeter or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

32. Equifax relied on their own judgment and the information provided to them by Exeter rather than grant credence to the information provided by Plaintiff.

33. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

34. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

35. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

36. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

37. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or

to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

38. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

42. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

43. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

44. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic

1  loss, damage to reputation, emotional distress and interference with Plaintiff's normal
2  and usual activities for which Plaintiff seeks damages in an amount to be determined by
3  the trier of fact.

4      46.    Defendant Equifax's conduct, action, and inaction were willful, rendering
5  Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

6      47.    In the alternative, Defendant Equifax was negligent, entitling Plaintiff to
7  recover damages under 15 U.S.C. §1681o.

8      48.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant
9  Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EXETER
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

49.  Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

50.  After receiving the Equifax Dispute, Exeter failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

51.  Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Exeter's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Exeter's representations to consumer credit reporting agencies, among other unlawful conduct.

52.  As a result of this conduct, action, and inaction of Defendant Exeter, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant Exeter's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant Exeter was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Exeter pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted August 26, 2025

/s/ *Patricia S. Lockhart*
Patricia S. Lockhart
5723 Annandale Lane
Irondale, AL 35210
Telephone: (256) 276-2527
Fax: (602) 218-4447
patricialockhartlaw@gmail.com
Attorney for Plaintiff